Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA TOTTEN, | ) <br> ) |
| Plaintiff, | ) Case No.: 2:14-CV-015-RMP <br> ) |
| vs. | ) COMPLAINT <br> ) |
| EVERGREEN PROFESSIONAL RECOVERIES, INC., a Washington corporation, | ) (JURY DEMANDED) <br> ) <br> ) <br> ) |
| Defendant. | ) |

Plaintiff Amanda Totten, through her attorney, Kirk D. Miller of *Kirk D. Miller, P.S.* alleges the following:

I. COMPLAINT

1.1.  This is an action for damages and remedies against Evergreen Professional Recoveries, Inc. (hereinafter "Evergreen") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

////

////

COMPLAINT - 1                                            KIRK D. MILLER P.S.
                                                         211 E. Sprague Ave.
                                                         Spokane Washington 99202
                                                         (509) 413-1494

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1. Plaintiff Amanda Totten is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Amanda Totten is a natural person.

3.3. The Defendant alleged that Amanda Totten was obligated to pay a debt.

3.4. Plaintiff Amanda Totten is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

////

////

COMPLAINT - 2

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6. Defendant Evergreen is a collection agency that is licensed to conduct the business of a collection agency in the state of Washington.

3.7. Defendant Evergreen attempted to collect a "debt" as defined by FDCPA 15 U.S.C. §1692a(5).

3.8. Defendant Evergreen regularly uses the telephone in its attempts to collect debts.

3.9. Defendant Evergreen uses instrumentalities of interstate commerce or the mails in its business.

3.10. Defendant Evergreen uses the mail in its attempts to collect debts.

3.11. Defendant Evergreen is a Washington corporation engaged in the business of collecting debts that are originally owed to another.

3.12. Defendant Evergreen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13. Defendant Evergreen is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.14. Defendant Evergreen is jointly and severably liable for the acts and omissions of its agents through the doctrine of respondent superior.

# IV. FACTS

4.1. Defendant Evergreen alleged that sometime prior to 2012 Plaintiff incurred a debt with Group Health.

4.2. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

4.3. The Group Health debt was assigned to Evergreen for collection.

4.4. On June 4, 2012, Defendant Evergreen filed a lawsuit against Ms. Totten in the Spokane County District Court.

4.5. Attorney Kirk Miller appeared in the Spokane County District Court action.

4.6. In February 2013, Evergreen moved the court for summary judgment.

4.7. Ms. Totten, through her attorney, responded to the motion for summary judgment and cross moved for summary judgment in favor of Ms. Totten.

4.8. On March 29, 2013, oral argument was heard on the parties' respective motions for summary judgment.

4.9. The Spokane County District Court granted summary judgment in favor of Evergreen and against Ms. Totten.

4.10. On April 3, 2013, Ms. Totten, through her attorney, filed her Notice of Appeal of the judgment to the Spokane County Superior Court.

4.11. On or about April 3, 2013, Defendant Evergreen mailed a copy of the judgment directly to Ms. Totten.

4.12. At the time Evergreen mailed a copy of the judgment to Ms. Totten, she was represented by counsel.

4.13. At the time Evergreen mailed a copy of the judgment to Ms. Totten, Evergreen knew or should have known that Ms. Totten was represented by counsel.

4.14. At the time Evergreen mailed a copy of the judgment to Ms. Totten, Evergreen had not been given permission to communicate with Ms. Totten directly.

4.15. On June 7, 2013, the Spokane County Superior Court ordered the March 29, 2013, judgment vacated and remanded the case to Spokane County District Court with direction to fully develop the record for appeal.

4.16. The parties stipulated to settlement and the Spokane County District Court action was dismissed with prejudice.

V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1 Defendant communicated with Plaintiff in connection with the collection of an alleged debt.

COMPLAINT - 5

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

5.2  Defendant knew or should have known that Ms. Totten was represented by counsel at the time of the communication.

5.3  15 U.S.C. § 1692b(6) states: "[A]fter the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector."

5.4  The debt collector, Defendant Evergreen, through its own acts, by and through its agents and employees, and through its policies and procedures, has violated the FDCPA, including but not limited to: 15 U.S.C. § 1692b(6).

## VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1.  Actual damages;

6.2.  Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

6.3.  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

6.4.  For such other and further relief as may be just and proper.

////

DATED this 8th day of January, 2014.

        *Kirk D. Miller, P.S.*

        /s Kirk D. Miller
        Kirk D. Miller
        WSBA #40025
        Attorney for Plaintiff