UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA TOTTEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC., a Washington corporation,<br><br>　　　　　　　Defendant. | NO: 2:14-CV-15-RMP<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING CROSS MOTION FOR SUMMARY JUDGMENT |

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Cross Motion for Summary Judgment, ECF No. 17. The Court heard oral argument on these motions on August 7, 2014. Plaintiff was represented by Kirk D. Miller. Andrew D. Shafer argued on behalf of Defendant. The Court has considered the motions, their supporting documents, and the parties' oral arguments. The Court is fully informed.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

The parties do not dispute the material facts. *See* ECF No. 21 at 1. Defendant is a debt collector that obtained summary judgment against Plaintiff in Spokane County District Court. ECF No. 15-5. Defendant knew that Plaintiff was represented by counsel during the summary judgment proceedings. ECF No. 19 at 2. However, after succeeding in its motion, Defendant mailed a copy of the judgment to Plaintiff directly, rather than to her counsel. ECF No. 18 at 2.

Defendant has a written policy against mailing copies of judgments to debtors who are represented by counsel. ECF Nos. 20 at 2-3; 20-2. Also, Defendant's training manual for debt collectors states that "[a] debt collector may **NOT** communicate with a consumer in connection with the collection of any debt . . . . If the debt collector knows the consumer is represented by an attorney . . . ." ECF No. 20-1 at 2, 3. Defendant revises its debt collection policies and procedures to comply with debt collection laws, actively trains new collectors, and periodically retrains existing employees. ECF No. 20 at 1-2.

The clerk who mailed Plaintiff the judgment no longer works for Defendant, ECF No. 20 at 4, but the manager of Defendant's legal department states that Defendant failed to send a copy of the judgment to Plaintiff's counsel, which is Defendant's normal procedure, ECF No. 18 at 1-2. The manager and Defendant's

CEO state that it was an error and aberration from Defendant's procedure to send judgment to Plaintiff directly. ECF Nos. 18 at 2; 20 at 3-4.

Plaintiff claims that by circumventing her attorney and sending judgment directly to her, Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 14. Defendant disagrees, arguing that the FDCPA does not prohibit mailing a copy of a judgment to a represented debtor, that Plaintiff was not represented at the time that Defendant mailed the judgment, and that, if mailing the judgment did violate the FDCPA, it was a bona fide error. ECF No. 17. Both parties seek summary judgment; Defendant requests attorney fees as well.[1]

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences in the light most

---

[1] Plaintiff objected to Defendant's cross motion for summary judgment because Defendant failed to note the motion for hearing at least 50 days after its filing, as required by Local Rule 7.1(h)(2)(B). ECF No. 23 at 1-2. Defendant indicated in its reply in support of the cross motion for summary judgment, however, that Plaintiff orally withdrew her objection because it is practical for both motions to be heard simultaneously. ECF No. 26 at 1-2. The Court agrees that it is appropriate to hear both motions on the same date.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 3

favorable to the nonmoving party.  *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

Plaintiff claims that Defendant violated § 1692b(6) of the FDCPA, which provides that:

> any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . after the debt collector knows the consumer is represented by an attorney with regard to the subject debt . . . not communicate with any person other than that attorney . . . .

15 U.S.C. § 1692b(6).[2]  The FDCPA ordinarily does not require proof of intent and is a strict liability statute.  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

However, the FDCPA includes a "narrow exception to strict liability" for bona fide errors.  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (discussing 15 U.S.C. § 1692k(c)).  To be eligible for the bona fide error defense, "the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation."  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).  The debt collector bears the burden of proving this affirmative defense by a

---

[2] Because the alleged communication does not relate to acquiring Plaintiff's location, the Court assumes that Plaintiff actually claims that Defendant violated § 1692c(a)(2), which generally prohibits a debt collector from communicating directly with a represented debtor "in connection with the collection of any debt . . . ." *See* 15 U.S.C. § 1692c(a)(2).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 4

preponderance of the evidence. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008); 15 U.S.C. § 1692k(c).

Here, Defendant has met its burden of proving that any FDCPA violation was a bona fide error.

First, Defendant's error was not intentional. To meet this element, "[a] debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional." *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1231 (E.D. Cal. 2010); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 998 (D. Ariz. 2010). Evidence of Defendant's training for debt collectors and its written admonition not to mail judgments directly to represented debtors demonstrates that Defendant did not intend to violate the FDCPA. *See Isham*, 738 F. Supp. 2d at 998. Moreover, Defendant mailed judgment only to Plaintiff, not to her counsel, indicating that Defendant's employee accidentally followed procedures for an unrepresented debtor. *See* ECF No. 18 at 2.

Second, the Court finds that sending the judgment directly to Plaintiff was a bona fide error. "To satisfy the 'bona fide error' prong, the debt collector must demonstrate that the error was a *genuine* mistake, not a contrived mistake." *Isham*, 738 F. Supp. 2d at 998 (citing *Kort*, 394 F.3d. at 538). The undisputed evidence

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 5

shows that Defendant sent only a copy of the judgment, not a collection letter or other transmittal that might have shown that Defendant's alleged error merely was contrived in order to circumvent Plaintiff's counsel. *See* ECF No. 15-5.[3] Furthermore, there is no evidence that Defendant sent other documents directly to Plaintiff or to other represented debtors.

Third, Defendant has established that it maintained procedures reasonably adapted to avoid the violation. Defendant trained its employees and imposed a written policy that no judgments were to be sent directly to debtors who were represented. ECF Nos. 20 at 1-2; 20-2. Although this was not an elaborate means of ensuring that represented debtors were not contacted, "the error to be avoided in this case was not complex." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008).

Accordingly, Defendant has met its burden of proving by a preponderance of the evidence that, if it violated the FDCPA by sending Plaintiff a copy of the judgment, the violation was a bona fide error.

---

[3] Moreover, Defendant raised at least a genuine issue of material fact that would prohibit summary judgment in Plaintiff's favor regarding this factor. According to the Civil Rules for Courts of Limited Jurisdiction ("CRLJ"), subject to restrictions, "[a] party, rather than the party's attorney, must be served if the final judgment or decree has been entered and the time for filing an appeal has expired . . . ." CRLJ 5(4). Although it is undisputed that the time for filing an appeal had not passed by the time that it sent judgment to Plaintiff, the quoted CRLJ provision could create genuine confusion about whether judgment should be served on counsel or on the party directly.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 6

Moreover, even if Defendant had not provided a sufficient basis for concluding that sending the judgment to Plaintiff was a bona fide error, summary judgment in Plaintiff's favor would be inappropriate because Plaintiff has not established that sending a judgment constitutes a prohibited communication under the FDCPA. Under the FDCPA, "'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The Court has found no authority specifically deciding whether mailing a judgment constitutes a "communication," but the Court is informed by a similar case from this District, *Walcker v. SN Commercial, LLC*, 2006 WL 3192503 (E.D. Wash. 2006). In *Walcker*, a loan servicer sent borrowers two letters stating that a commercial loan account had been transferred to the loan servicer. 2006 WL 3192503, at *1-2. The second letter also offered a few options for reinstating the loan to a current status, but neither letter made a demand for payment. *Id.* at *1-2, 8. "Instead, they were informational letters regarding the current status of [the] account." *Id.* at *8. Extending FDCPA case law to a state act, the court found that the letters were not prohibited. *Id.* at *7-8.

Here, the judgment that Defendant sent to Plaintiff contains no demand for payment and lacks even an offer of payment options. ECF No. 15-5. The

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING CROSS MOTION FOR SUMMARY JUDGMENT ~ 7

document merely informed Plaintiff of the status of her obligation to the debt collector.

Defendant requests attorney fees pursuant to the FDCPA and costs under Federal Rule of Civil Procedure 54. ECF No. 17 at 15-16.[4] The FDCPA authorizes a court to award attorney fees to a defendant based on the finding that an action "was brought in bad faith and for the purpose of harassment . . . ." 15 U.S.C. § 1692k(a)(3). Based on the record, the Court declines to make such a finding. Any costs pursuant to Rule 54 will be addressed by the Clerk of the Court. *See* LR 54.1.

## CONCLUSION

The Court concludes that, considering the evidence in the light most favorable to Plaintiff, Defendant has met its burden of proving by a preponderance of the evidence that any violation of the FDCPA in this matter was a bona fide error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

---

[4] Defendant also implied that fees may be appropriate under Federal Rule of Civil Procedure 68 because Plaintiff rejected an offer of judgment. ECF No. 17 at 15-16 n.13. However, Plaintiff states in her reply that she never was served with an offer of judgment, ECF No. 23 at 14, and Defendant did not clarify the issue in its reply in support of the cross motion for summary judgment, *see* ECF No. 26. Without evidentiary support that Defendant satisfied the requirements of Rule 68, attorney fees under that rule would not be proper.

2. Defendant's Cross Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. Plaintiff's Motion for Leave to File Excess Pages, **ECF No. 24**, is **GRANTED**.

The District Court Clerk is hereby directed to enter this Order, enter Judgment accordingly, provide copies of this Order to counsel, and **close** this case.

**DATED** this 19th day of August 2014.

                                        *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                 Chief United States District Court Judge