Andrew D. Shafer
SIMBURG KETTER
SHEPPARD & PURDY, LLP
999 Third Ave., #2525
Seattle, WA 98104
T: 206.382.2600
F: 206.223.3929
E: ashafer@sksp.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA TOTTEN,<br><br>                         Plaintiff,<br><br>     v.<br><br>EVERGREEN PROFESSIONAL<br>RECOVERIES, INC., a Washington<br>Corporation,<br><br>                         Defendant. | No. 2:14-cv-015 RMP<br><br>DEFENDANT'S MOTION FOR<br>RELIEF PURSUANT TO<br>Fed.R.Civ.P 54(a) and 28 U.S.C.<br>1927<br><br>Note for Consideration:<br>September 22, 2014 |

## I.      INTRODUCTION - RELIEF SOUGHT

Evergreen Professional Recoveries, Inc. ("EPR") seeks an award of costs against plaintiff pursuant to Fed.R.Civ.P 54(d)(1) and fees against plaintiff's counsel, Kirk Miller, pursuant to 28 USC §1927.

## II.      PROCEDURAL BACKGROUND

EPR sued plaintiff for money due in Spokane County District Court (The "Collection Action"), obtaining an order granting summary judgment.  Mr. Miller represented Ms. Totten in the Collection Action.  Before plaintiff appealed the order in the Collection Action, EPR mailed a copy of the judgment to Ms. Totten directly.  Based on that act, plaintiff filed this action alleging a

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 1
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

violation of 15 USC §1692c(a)(2) [communicating with a debtor known to be represented by counsel].   The parties moved for summary judgment on undisputed material facts.   On August 19, 2014, this court denied plaintiff's motion and granted EPR's cross motion dismissing the action.

## III.   ARGUMENT IN SUPPORT OF MOTION

### A. EPR is Entitled to an Award of its Costs as the Prevailing Party.

In *Marx v. General Revenue Corp.*, ___ U.S. ___, 133 S.Ct. 1166, 185 L.Ed.2d 242 (2013), the Supreme Court unequivocally concluded, "[this] court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment." 133 S.Ct. at 1171.   There, as here, the defendant prevailed in an FDCPA action.   There, as here, the defendant made an offer of judgment pursuant to Fed.R.Civ.P 68 for more than the maximum statutory damages remedy plus costs and reasonable attorney's fees. EPR's costs in this matter are $508.00 as detailed in the accompanying declaration of counsel in support of the relief sought here.   Based on *Marx*, EPR asks the court to enter judgment against the plaintiff for $508.

### B. EPR is Entitled to Judgment against Attorney Kirk Miller for its Attorney's Fees Incurred in this Action Pursuant to 28 U.S.C. §1927.

**1.    Factual Background.**    Plaintiff commenced this action on January 13, 2014.  On March 5, 2014, EPR served an offer of judgment for $1250 plus costs plus reasonable attorney's fees (to be negotiated and if the

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 2
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

parties could not agree, then as determined by the court).[1]  EPR served the Offer of Judgment by email.  Rather than explore the offer's substance, Mr. Miller responded by pointing out that Fed.R.Civ.P 5(b)(2) requires delivery by mail.[2]  In an unrelated case, Mr. Miller was quite comfortable exchanging pleadings electronically.[3]  Needless to say, the entire fabric of communication between counsel in federal court now is through the CM/ECF system.  As such, Mr. Miller's comments about Fed.R.Civ.P 5(b)(2) were disingenuous. This is the vexatious conduct that resulted in summary judgment instead of an agreed resolution.

EPR sent a follow up email on March 14 to Mr. Miller inquiring about the status of its settlement offer.  Within eight minutes, Mr. Miller responded with another evasive reply that did not  further the discussion.

Ten days later, EPR increased its offer to $2500 in response to Plaintiff's $3500 demand.  On April 14, EPR again asked whether Plaintiff would accept the $2500 offer.  Mr. Miller did nothing to advance settlement talks.  At this point meaningful settlement efforts ended, resulting in the cross motions.[4]

Instead, EPR received a demand for $3500, which Mr. Miller extended in an email dated May 30.[5]  When EPR asked for a fee justification, Mr. Miller refused to share his time entries,  advising that if EPR did not accept, he would

---

[1] Shafer Declaration, Exhibit 1.
[2] Shafer Declaration, Exhibit 2, which is the e-mail string of these communications.
[3] Shafer Declaration Exhibit 3 is an email exchange between EPR and Mr. Miller regarding a case in the South Snohomish County District Court entitled *Evergreen v Crick.*
[4] Shafer Declaration, Exhibit 4 is the email string of these communications, including the March 25 increase in the amount of the offer as well as the April 14 inquiry, which went unanswered.
[5] Shafer Declaration, Exhibit 5.

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 3
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

file his motion for summary judgment which was "just about ready to go."  At this point, it was obvious that all that was in play was Mr. Miller's fees.  He was obviously willing to risk his client's 125% settlement[6] to protect what fees he thought he could eventually recover.

### C. 28 USC §1927 Applies.  Its Purpose is to Place the Costs of Needlessly Prolonged Litigation on the Attorney Responsible.

Citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983) and *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982), the court in *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342 (9th Cir. 1985) stated at 1346 that 28 U.S.C. 1927 "allows the award of sanctions against an attorney who 'multiplies the proceedings in any case *unreasonably and vexatiously*.' The imposition of liability under this statute requires a finding that an attorney has acted "recklessly or in bad faith."  There, the court imposed sanctions on the lead defense counsel in a Medicare fraud case who sought to withdraw the day before trial, resulting in a postponement of the proceeding.

"Bad faith," exists when an attorney "knowingly or recklessly" raising a frivolous argument or continues litigation once the lack of merit becomes known. *Trulis v. Barton*, 67 F.3d 779, 788 (9th Cir.1995).  *Trulis* was a securities fraud case brought by members of a country club which had filed Chapter 11.  It illustrates the outer reach of attorney bad faith justifying sanctions under 28 USC §1927.

---

[6] Since Mr. Miller knew, or in exercise of his Fed.R.Civ.P 11 obligation to investigate should have known, his client had no claim for actual damages.  It was incumbent upon him to see that his client benefitted from EPR's 125% settlement offer.  He did not.  He traded his client's interest for his self interest in securing a fee.

AND FOR SANCTIONS - 4
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

There, the Bankruptcy Court had approved a plan of reorganization after the plaintiffs had filed their securities fraud action. The confirmed plan required club members to waive claims against the debtor, its promoter and board of directors. The *Trulis* plaintiffs all voted for the reorganization. They first instructed, then demanded, that their attorney dismiss them from the securities fraud suit. He failed to do so. Since the Bankruptcy Court's confirmation of the plan estopped the *Trulis* plaintiffs from pursuing the securities fraud action, the Ninth Circuit reversed the District Court's denial of sanctions under Section 1927. At 692, the court concluded, "We find that under these circumstances maintenance of this suit after the confirmation of the Joint Plan was reckless as a matter of law and vexatiously multiplied the proceedings in violation of § 1927."

In *Schutts v. Bentley Nevada Corp.*, 966 F.Supp. 1549, (D.Nev. 1997) the court imposed sanctions because plaintiff's counsel pursued a claim that was facially without merit, and persisted to litigate the same. At page 1562, the court framed the issue,

> The standard of liability is partly objective, partly subjective: The court asks (1) was the argument frivolous? and (2) did the attorney act knowingly or recklessly with respect to the frivolousness of the argument? [Citation omitted]

Numerous FDCPA cases have resulted in awards of sanctions under 28 U.S.C. §1927. See, for example, *Riddel & Associates v. Kelly,* 414 F.3d 832 at 843 (7th Cir 2005)[ plaintiff counsel attempted to 'extort' $3000 to resolve an

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 5
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

FDCPA claim that was 'patently frivolous']; *Rhinehart v. The CBE Group,* 714 F. Supp. 2d 1183 (MD FL 2010) [filing boilerplate FDPCA complaint not substantiated by facts, and refusing to dismiss claims made counsel's conduct vexatious, and justified sanctions]; *Conner v. BCC Financial Management*, 597 F.Supp.2d 1299 at 1305 (SD FL 2008) ["The record reveals that counsel *unreasonably continued litigating this matter in the face of clear evidence that there was no claim to be had*—thereby multiplying the proceedings and causing Defendant to incur further fees."]

Here, while the plaintiff's complaint sought actual damages as well as statutory damages under the FDCPA, that prayer was pro forma, and not based on any facts to support it. Proof of the frivolousness of the prayer for actual damages was plaintiff's failure to present any evidence of actual harm in her motion for summary judgment.

The "facts" supporting a claim for actual damages are uniquely in the plaintiff's hands. No discovery is required. Indeed, plaintiff did not do any discovery in this case. Mr. Miller had to know his client had no basis for seeking actual damages since he was capable of ferreting out any facts giving rise to that remedy before he filed this suit. In fact, under Fed.R.Civ.P 11 he had an affirmative duty to conduct a reasonable investigation. That investigation should have shown there was no factual basis for seeking actual damages. Simply, the prayer was added to gain some perceived negotiating leverage in resolving the case. In that sense, his conduct was little better than the plaintiff's attorney in *Riddel, supra.*

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 6
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

Given the facts known to Mr. Miller, when EPR delivered its offer of judgment to him, Mr. Miller should have known that EPR offered more than the plaintiff could hope to recover at trial.  In fact, it is inconceivable that if the plaintiff had been advised of the settlement offer and also properly counseled, she would not have accepted it.  That the offer was not accepted raises further, unanswered, questions about the communication between plaintiff and her attorney.

Instead, Mr. Miller stiff-armed EPR's good faith attempt to resolve this matter quickly and inexpensively.  EPR's offer was met with an attack on the *means by which* it conveyed the offer. Even after EPR's counsel offered to send the Offer of Judgment by mail, if Mr. Miller insisted, Mr. Miller continued to obfuscate by feigning confusion because the "terms of the offer were so confusing that we cannot accept it."  Not once did Mr. Miller articulate his confusion. This was merely a ruse to continue the proceeding.

EPR respectfully submits that Mr. Miller used every device available to avoid ending this case until he had billed time for his summary judgment.  First, he rejected the manner in which EPR delivered the Offer of Judgment.[7]  When, on March 14, EPR agreed to mail the Offer of Judgment, within minutes Mr. Miller sidestepped resolving the case by feigning his  "confusion" over its terms.  He made no effort to seek clarification.[8]  He simply stated the offer of

---

[7] Shafer Declaration, Exhibit 2.
[8] Shafer Declaration, Exhibit 4.

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 7
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

judgment did not conform to Fed.R.Civ.P 68.  These exchanges occurred before any work was done on this case.

While Mr. Miller's conduct was not as egregiously outrageous as was plaintiffs' counsel's conduct in the cases cited above, it nonetheless demonstrates a desire to prolong the case.  This is evidenced by EPR's offer *exceeding the statutory remedy* by 25%, just to terminate this litigation.

### 2.  EPR Asks the Court to Award Sanctions of $8,290.50.

For all the reasons stated above, EPR urges the court to award sanctions in its favor pursuant to 28 USC §1927.  It asks that those sanctions be in an amount equal to the fees and costs EPR incurred in bringing this case to a successful conclusion – fees that were avoidable but for Mr. Miller's conduct in how he responded to EPR's Offer of Judgment and further efforts to resolve this matter efficiently.

Attached as Exhibits 6-10 to the Shafer Declaration are EPR counsel's invoices for the time spent on this matter.  The time and expense billed on this matter is as follows:

| INVOICE DATE | INVOICE NUMBER | TIME BILLED/FEES | | COSTS |
|---|---|---|---|---|
| 2/17/14 | 11910 | 5.40hr./ | $1,347.50 | 0.00 |
| 3/16/14 | 11936 | 4.30/ | $ 770.00 | 0.00 |
| 4/16/14 | NONE | NONE | | NONE |
| 5/16/14 | NONE | NONE | | NONE |
| 6/16/14 | 12035 | 11.30/ | $3,007.50 | 0.00 |
| 7/16/14 | 12053 | 6.30/ | $1,470.00 | 138.00 |
| 8/18/14 | 12081 | 12.50/ | $3,275.00 | 370.00 |
| TOTALS: | | 39.80/ | $9,870.00 | 508.00 |
| POST 3/14/14 TOTALS: | | 30.10/ | $7,782.50 | 508.00 |

EPR's counsel bills on a mid-month cycle, with the accounting cut-off on the 15th day of each month.  As is shown by invoice 11936, counsel did not bill

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 8
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

any of his time for the email exchanges that occurred between March 5 (the date he emailed the Offer of Judgment to Mr. Miller) and March 14 (the date Mr. Miller feigned "confusion").  June time was spent preparing discovery, reviewing plaintiff's motion for summary judgment, reviewing this court's motion practice rules and conducting research for EPR's opposition and cross motion.  That work continued in July.  August time was spent reviewing and responding to plaintiff's opposition to the cross motion, travel to Spokane and argument.  All costs were travel related.  Because the court had to reschedule the first hearing date, EPR's counsel was unable to use the $138 airline ticket he had purchased. The airline ticket for the rescheduled hearing cost $308. Ground transportation in Spokane and parking in Seattle were the only other costs incurred.

EPR's counsel was admitted to practice in Washington in 1979, and before this court in 1994 (approximately).  He is a member in good standing of the Washington State Bar Association, has never been disciplined and has never had a mal practice claim filed against him.  Since 2002, Mr. Shafer has represented collection agencies in the areas of compliance, risk management and defense to claims of the sort at issue here.

Mr. Shafer's hourly rates for commercial litigation are between $325-$450/hour, depending on the nature, complexity, novelty, urgency and time required.  Because FDPCA claims are generally neither complex nor novel, his customary rate for defense work is $325.  He bills Evergreen $275/hour because of his on-going relationship with the client.

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 9
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

Attached is the declaration of Mark Case.  Mr. Case is general counsel of Receivables Performance Management, LLC, a collection agency based in Lynnwood, Washington.  As stated in his declaration, Mr. Case is responsible for managing litigation for his employer nationally.  As part of that function, he negotiates rates with local counsel and oversees their efforts.

## IV.   CONCLUSION

The record demonstrates Mr. Miller's vexatious conduct following receipt of EPR's Offer of Judgment on March 5.  Since that offer accorded the plaintiff *more than* her full claim, given the utter lack of evidence to support a claim for actual damages, Mr. Miller had an ethical duty to his client, and a professional responsibility to this court, to bring this case to a rapid conclusion.  Instead he played cat and mouse to generate additional fees for himself, at the risk of his client's settlement.

Based on the foregoing, sanctions are appropriate.  The court should award EPR $8290.50 against Mr. Miller personally and enter judgment in that amount.  Moreover, under Fed.R.Civ.P 54(d)(1), EPR is entitled to judgment for costs against Ms. Totten for $508.00.

DATED: August 22, 2014.

SIMBURG, KETTER, SHEPPARD
& PURDY, LLP

By: s/ Andrew D. Shafer
Andrew D. Shafer, WSBA No. 9405
Attorney for Defendant

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

CERTIFICATE OF SERVICE

    I hereby certify that on the date below I electronically served the foregoing OFFER OF JUDGMENT on Plaintiff's counsel as follows:

        Kirk Miller, kmiller@millerlawspokane.com

    And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

    DATED:    August 22, 2014

               SIMBURG, KETTER, SHEPPARD
               & PURDY, LLP

               By: s/Brian D. Carpenter
                   Paralegal

DEFENDANT'S MOTION FOR COSTS
AND FOR SANCTIONS - 11
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929