1  Andrew D. Shafer
   SIMBURG KETTER
2  SHEPPARD & PURDY, LLP
3  999 Third Ave., #2525
   Seattle, WA 98104
4  T: 206.382.2600
   F: 206.223.3929
5  E: ashafer@sksp.com

6

7              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
8

9  AMANDA TOTTEN,

                Plaintiff,              No. 2:14-cv-015 RMP
10
                                        DECLARATION OF
11      v.                              ANDREW D. SHAFER

12  EVERGREEN PROFESSIONAL              NOTE FOR CONSIDERATION:
13  RECOVERIES, INC., a Washington      **SEPTEMBER 22, 2014**
    Corporation,

14
                Defendant.
15

16      I, Andrew D. Shafer, pursuant to 28 U.S.C. 1746, declare as follows:

17      1.      I am an attorney licensed to practice law in Washington State.  I

18  have been in practice since 1979. I am admitted to practice before this court, the

19  Western District of Washington and the Northern District of Illinois.

20      2.      Evergreen attempted to resolve this matter within 45 days of

21  service of the summons and complaint.  Because the complaint contained the

22  usual pro forma prayer for "actual damages" (even though such damages rarely

23

SHAFER DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION FOR
SANCTIONS - 1
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

exist in these cases), Evergreen made a formal Offer of Judgment under Fed.R.Civ.P 68 on March 5, 2014. A copy of the offer is attached as Exhibit 1.

3.    I transmitted the Offer of Judgment to Mr. Miller via email. I chose email for several reasons. Foremost, this is not my first case with Mr. Miller. In every other instance, we used email extensively. Attached as Exhibit 2 is an email exchange between us in an unrelated case in which Mr. Miller agreed to delivery by email.

4.    By sending the Offer by email, I hoped to expedite resolution of the case. Exhibit 3 is the email string between me and Mr. Miller on March 5, beginning with my tender of the Offer of Judgment and ending with his cryptic advise that the offer was not valid due to unarticulated "multiple problems." I spoke with Mr. Miller after receiving his 6:42 p.m. transmission in an attempt to understand the "multiple problems." My call was unavailing.

5.    On March 14, I again sent Mr. Miller an email asking whether his client desired to resolve the case based on the Offer of Judgment. I even offered to mail the offer to him if he insisted on relying on this unnecessary and vexatious requirement.

6.    Not eight minutes after I sent my March 14 email, Mr. Miller responded feigning, "confusion." Exhibit 4 is the March 14 email exchange.

7.    Ten days later, EPR increased its offer to $2500 in response to Plaintiff's $3500 demand. That was the point at which meaningful settlement efforts ended, resulting in the cross motions.    Plaintiff did not respond with a

SHAFER DECLARATION IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS - 2 [2:14-CV-015-RMP]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

counter offer at that time.  Nor did Mr. Miller pick up the telephone to attempt to resolve the claim.

8.     Instead, we received a demand for $3500, which Mr. Miller extended in an email dated May 30, attached as Exhibit 5.  However, when I asked for proof to justify his fee request, Mr. Miller declined.  Instead, he simply advised me that he had prepared a motion for summary judgment, which was "just about ready to go."  At this point, it was obvious all we were discussing was Mr. Miller's fees, which no doubt inflated with his work on his motion for summary judgment.  At the end of the day, I was playing cat and mouse with Mr. Miller over a minor claim that should have resolved with a phone call or two.  Note, on March 25, Mr. Miller was already contemplating plaintiff's motion for summary judgment.

9.     The parties did not engage in any further settlement discussions until May 30, when I again asked if Plaintiff would settle and was met with Exhibit 5.

10.    I maintain an active commercial litigation practice.   In 2003, I began representing collection agencies in defense of FDCPA and related consumer claims in 2003.

11.    I am an active member of ACA International, a trade association of collection professionals.  I am currently on the ACA Council of Delegates as a representative of the Member Attorney Panel of the association.

SHAFER DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION FOR
SANCTIONS - 3
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

12.     I am also a member of ACA's CNR Panel.     This panel is comprised of defense and risk management attorneys, such as myself, who are certified by St. Paul insurance to review collection notices used by industry members.   When this panel was originally created, St. Paul would not extend industry E&O coverage to notices unless the notices were first reviewed by CNR members. While that requirement was ended in 2010, the CNR Panel is still widely used by the industry to manage the risks arising from written communications with consumers.

13.     My current hourly rate for commercial litigation ranges from a low of $325 to $450, depending on the complexity of the facts, novelty of legal issues and the immediacy of a matter (such as injunction actions which require "code red" treatment).   I also discount my hourly rate for well-established clients for whom I provide services in addition to litigation.  Generally, I defend collection agencies at my low rate of $325 because these cases, as a rule, are neither novel nor complex and generally do not involve any time critical actions.

14.     I   have   represented   Evergreen   Professional   Recoveries   for approximately two years, representing the company in FDCPA (and related) defense matters. I initially billed this client $275/hour and have not changed my rate.  I have billed Evergreen $275/hour for this matter.

15.     Attached as Exhibits 6-10 are my invoices to Evergreen on this matter.  My billing cycle runs from the 16th of the month through the 15th of the

SHAFER DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION FOR
SANCTIONS - 4
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

following month.  As such, my March 16 invoice includes all of my time before

Mr. Miller began his cat and mouse game.  The invoices are as follows:

| INVOICE DATE | INVOICE NUMBER | TIME BILLED/FEES | | COSTS BILLED |
|---|---|---|---|---|
| 2/17/14 | 11910 | 5.40hr/ | $1,347.50 | 0.00 |
| 3/16/14 | 11936 | 4.30/ | $770.00 | 0.00 |
| 4/16/14 | NONE | | | |
| 5/16/14 | NONE | | | |
| 6/16/14 | 12035 | 11.30/ | $3,007.50 | 0.00 |
| 7/16/14 | 12053 | 6.30/ | $1,470.00 | 138.00 |
| 8/18/14 | 12081 | 12.50/ | $3,275.00 | 370.00 |
| TOTALS: | | 39.80/ | $9,870.00 | 508.00 |
| POST 3/14/14 TOTALS: | | 30.10/ | $7,782.50 | 508.00 |

16.     In my opinion, this case should have settled around March 5, when

EPR made an offer for 125% of the *maximum award* Plaintiff could have

received at trial unless she could have proven actual damages.

17.     Evidence of actual damages is uniquely in the plaintiff's hands.  In

this case, while the plaintiff's prayer for relief sought actual damages, the

plaintiff's motion for summary judgment was silent.  All plaintiff sought was

the statutory damages plus costs and fees.[1]  Since Mr. Miller had to know, or in

the exercise of his Fed.R.Civ.P 11 obligations, should have known, that he had

---

[1] Note, the plaintiff's motion was for summary judgment, not a partial summary judgment on the liability issue with damages reserved for trial. Necessarily, Plaintiff abandoned any claim for actual damages because she neither presented evidence of the same nor did she seek only a partial summary judgment on liability, as is permitted by Fed.R.Civ.P 56

SHAFER DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION FOR
SANCTIONS - 5
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

no facts to support the claim for actual damages, he likewise should have known that EPR's $1250 offer, regardless of how packaged and regardless of the mechanism of how it was delivered, exceeded by 25% the ceiling of any award he could have hoped to recover.  His cat and mouse game lays bare his objective here – to ratchet up his fees by pushing the case to summary judgment, even though his tactic put his client's interests at risk.

Executed at Seattle, Washington this 22nd day of August 2014.


ANDREW D. SHAFER


SHAFER DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION FOR
SANCTIONS - 6
[2:14-CV-015-RMP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LL.P
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929