UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA TOTTEN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC., a Washington corporation,<br><br>　　　　　　　　Defendant. | NO: 2:14-CV-15-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the Court is Plaintiff's Motion for Reconsideration. ECF No. 47. The Court has considered the motion, Defendant's response, and the relevant filings in the docket. The Court is fully informed.

Plaintiff asks the Court to reconsider its Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross Motion for Summary Judgment, ECF No. 31. Plaintiff contends that the Court erroneously held that the mailing of a judgment in this matter was not a "communication" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), that it was a bona fide error to send

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

the judgment directly to Plaintiff, and that a question of fact would exist as to whether Defendant should have mailed a copy of the judgment to Plaintiff pursuant to Washington State court rules.

Plaintiff filed her motion pursuant to Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a judgment. Although district courts have discretion in granting or denying motions under Rule 59(e), "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)). Generally, a court may grant a Rule 59(e) motion for any of four reasons:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.* However, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

Here, Plaintiff has not presented an adequate basis for the Court to reconsider its prior order. Plaintiff has not offered any authority or evidence that

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

was unavailable at the time of the Court's order, nor has Plaintiff shown that the order contains manifest errors or will result in manifest injustice.

Moreover, Plaintiff misinterprets certain portions of the order. Although Plaintiff argues that the Court erroneously held that a judgment is not a "communication," the Court simply concluded that summary judgment in Plaintiff's favor was "inappropriate because Plaintiff has not established that sending a judgment constitutes a prohibited communication under the FDCPA." ECF No. 31 at 7. In other words, the Court merely found that the issue was not resolved as a matter of law in this case.

Similarly, Plaintiff's argument that federal law would preempt state court rules is inapposite to the Court's order. According to the Civil Rules for Courts of Limited Jurisdiction ("CRLJ"), subject to restrictions, "[a] party, rather than the party's attorney, must be served if the final judgment or decree has been entered and the time for filing an appeal has expired . . . ." CRLJ 5(b)(4). The Court found that this rule could create confusion regarding whether judgment should have been mailed directly to Plaintiff, establishing at least a question of fact regarding whether mailing the judgment was a bona fide error and precluding granting Plaintiff's motion for summary judgment. ECF No. 31 at 6 n.3. Federal preemption would not resolve the factual issue of whether a debt collector made a genuine mistake in light of the state court rule.
ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

Although Plaintiff also disagrees with the crux of the Court's decision, that Defendant had established the bona fide error defense, Plaintiff has provided no new evidence or changes in controlling law that might encourage the Court to reconsider its prior order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, **ECF No. 47**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of December 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge